UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-cv-20691-GAYLES/OTAZO-REYES

ARTICE PEOPLES,

    **Plaintiff,**

v.

CITY OF MIAMI, et al.,

    **Defendants.**

_____/

## ORDER

**THIS CAUSE** comes before the Court on City of Miami, Rodolfo Llanes, and Fabio Sanchez's Motion to Dismiss the Amended Complaint [ECF No. 19] and Defendants, Miami Fraternal Order of Police, Lodge No. 20, Inc. and Javier Ortiz's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 33] (collectively, the "Motions"). The Court has reviewed the Motions and the record and is otherwise fully advised. For the reasons set forth below, the Motions shall be granted.

## BACKGROUND

Plaintiff Artice Peoples ("Plaintiff") filed this action against Defendants City of Miami, Rodolfo Llanes, Fabio Sanchez, Fraternal Order of Police, Walter E. Headly, Jr., Miami Lodge No. 20, and Javier Ortiz (collectively the "Defendants") alleging that he was bullied into resigning from his position as a City of Miami Police Officer. The Amended Complaint sets forth claims for (1) Violation of Plaintiff's Fifth and Fourteenth Amendment Rights to Due Process (Count I); (2) Conspiracy to Violate Plaintiff's Constitutional Rights (Count II); and (3) Fraud (Count III).[1] [ECF

---

[1] Plaintiff has voluntarily dismissed Count III. [ECF No. 55]

1

No. 3]. Defendants have now moved to dismiss the Amended Complaint arguing Plaintiff fails to state a claim for a substantive or procedural due process violation and for conspiracy. [ECF Nos. 19, 33].

## DISCUSSION

The Amended Complaint is a shotgun pleading. "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). (internal quotation marks omitted). The Eleventh Circuit generally considers a complaint to be a shotgun pleading if it: (1) "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," *id.* at 1321; (2) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," *id.* at 1321–22; (3) fails to "separate[e] into a different count each cause of action or claim for relief," *id.* at 1322–23; or (4) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against," *id.* at 1323. Shotgun pleadings "fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests . . . [and] waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (internal quotations and citations omitted).

Here, the Amended Complaint improperly incorporates all the factual allegations from Count I into Count II. As a result of this pleading deficiency, the Court is unable to ascertain which

2

facts support which claims and whether Plaintiff has stated any claims upon which relief can be granted. Therefore, the Complaint shall be dismissed without prejudice.[2]

## Conclusion

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. City of Miami, Rodolfo Llanes, and Fabio Sanchez's Motion to Dismiss the Amended Complaint [ECF No. 19] and Defendants, Miami Fraternal Order of Police, Lodge No. 20, Inc. and Javier Ortiz's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 33] are **GRANTED.**

2. The Amended Complaint is **DISMISSED without prejudice**.

3. This action is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of March, 2022.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[2] In the event Plaintiff seeks to file a Second Amended Complaint, the Court notes that, based on the allegations in the Amended Complaint, Plaintiff will have difficulty alleging a procedural due process violation or a violation of his rights under color of state law. Indeed, Plaintiff fails to allege that he ever attempted to exercise any procedural rights and that Defendants refused him of such. *See e.g. McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) ("[O]nly when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under Section 1983 arise."); *Paex-Basto v. Beers*, No. 6:13-cv-1955-Orl-31TBS, 2014 WL 299116, *2 (M.D. Fla. 2014) ("A procedural due process violation is not complete unless and until the government fails to provide due process.").